UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
JUL 0 2 2010

CLERK

| | |
|---|---|
| BEVERLY M. OKESON, <br><br> Plaintiff, <br><br> vs. <br><br> MONUMENTAL LIFE INSURANCE COMPANY, <br><br> Defendant. | Civ. 10- 4082 <br><br> **NOTICE OF REMOVAL** |

For the purpose of removing this action to the United States District Court for the District of South Dakota, Defendant Monumental Life Insurance Company ("Monumental") states as follows:

## I. PROCEDURAL POSTURE – STATE COURT ACTION

1. Monumental is the Defendant in a civil action commenced by Beverly Okeson ("Okeson") in the Fifth Judicial Circuit Court of the State of South Dakota for the County of Roberts, entitled *Beverly M. Okeson, Plaintiff, v. Monumental Life Insurance Company, Defendant*.

2. Service of Okeson's Complaint was made on Monumental on or about June 7, 2010.

3. The following constitutes all of the process, pleadings, and orders served upon Monumental in the action: A Summons and Complaint, copies of which are attached as Exhibits "A" and "B" and incorporated herein as part of this Notice of Removal.

## II. STATEMENT OF APPLICABLE LAW - DIVERSITY JURISDICTION

### A. Diversity of Parties' Citizenship

4. Okeson alleges she is an individual residing in South Dakota. (Complaint, ¶ 1).

5. Monumental is organized and existing under the laws of Iowa, with its principal place of business in Baltimore, Maryland. (Affidavit of Dan Reese attached as Exhibit "C").

6. Okeson and Monumental are therefore citizens of different states.

### B. Amount in Controversy

7. Okeson's Complaint alleges that she is an insured under a long-term-care insurance policy (the "Policy") issued by Monumental. Okeson alleges that she has not received all benefits due to her under the Policy, an allegation that Monumental denies. As a result, Okeson alleges that she is entitled to contractual amounts owing under the Policy, attorneys' fees pursuant to SDCL § 58-12-3, and a reasonable amount for Monumental's tortious conduct, including exemplary damages, which Monumental also denies. (Complaint and Prayer). The Complaint does not allege a specific amount of damages.

8. Because the Complaint does not allege a specific amount in controversy, Monumental must establish that the jurisdictional amount is met by a preponderance of the evidence. Where the jurisdictional amount is not "plain from the face of a plaintiff's complaint," the court makes a determination on the basis of the existing record, including pleadings, affidavits or "other matters of record." 14A Charles Alan Wright et al., Federal Practice and Procedure § 3702 at 26; § 3725 at 223 (Supp. 1997).

9. For purposes of removal in this action, calculation of the amount in controversy should include compensatory and punitive damages, and attorney's fees. *OnePoint Solutions LLC v. Borchert*, 486 F.3d 342 (8th Cir.2007).

10.     Okeson alleges entitlement to unspecified contractual damages, tort damages (including exemplary damages) and attorney fees. Monumental does not concede Okeson is entitled to any relief, but for purposes of considering the amount in controversy, these categories of damages must be considered. In an effort to determine the amount in controversy, counsel for Monumental spoke with Okeson's counsel by telephone wherein Okeson's counsel stated that the amount in controversy exceeded the jurisdictional limit of $75,000, exclusive of interest and costs. (Affidavit of Lon J. Kouri attached as Exhibit "D").

### C.     Removal is Proper

11.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, Monumental removes this action to this Court in accordance with 28 U.S.C. § 1441.

### D.     Removal is Timely

12.     The Notice of Removal was timely filed with this Court within thirty days (30) after service on Monumental of the Summons and Complaint in the above-entitled action.

### E.     Reservation of Defenses of Lack of Personal Jurisdiction and Improper Venue-

WHEREFORE, Monumental prays that the above-entitled action be removed to this Court from the Fifth Judicial Circuit Court of the State of South Dakota for the County of Roberts.

Dated this 2d day of July, 2010.

                                             MAY & JOHNSON, P.C.

                                             By_____
                                                  Lon J. Kouri
                                             6805 South Minnesota Avenue, Suite 100
                                             P.O. Box 88738
                                             Sioux Falls, SD 57109-8738
                                             (605) 336-2565
                                             Fax: (605) 336-2604
                                             Attorneys for Defendant
                                             lkouri@mayjohnson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Notice of Removal** was served on Lee Schoenbeck, Schoenbeck Law, P.O. Box 1325, Watertown, SD 57201, attorney for Plaintiff, by mailing said copy to him at the foregoing address by United States mail, first class, postage prepaid thereon, this 2d day of July, 2010.

                                                                   _____
                                                                         Lon J. Kouri